■ PETER TRIANTAFILLOU et al., Doing Business as SWISTON'S BEEF & KEG RESTAURANT, Appellants, v COLONIAL COOPERATIVE INSURANCE COMPANY et al., Respondents, and THOMAS S. GATLEY et al., Appellants.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Thomas Gatley was injured when he fell from a scaffold on plaintiffs' property on October 24, 1985. Defendant Colonial Cooperative Insurance Company (Colonial), through its agent, defendant Robert J. Los Agency, Inc. (Los), issued a policy of insurance to

plaintiffs, effective August 4, 1985 and plaintiffs paid Los the premium for the policy. On September 27, 1985, after inspection of the premises, Colonial notified Los that it wanted to cancel the policy because it was not aware of a long boat dock at the rear of the restaurant.

On October 7, 1985 Los met with plaintiff Peter Triantafillou and asked him to cancel the policy. Triantafillou signed a Lost Policy Release to that effect and Los sent it to Colonial on October 10, 1985. Colonial returned the release to Los requesting that plaintiff Andreas Kollidas, the other named insured under the policy, also sign it before cancellation would be effective. Kollidas signed the release on October 21, 1985 and Los allegedly mailed it to Colonial's main business office the same day, although he has no record to confirm he did so. Colonial did not date stamp the release when it received it. The next activity on the Colonial file is an entry dated November 1, 1985 which indicates that the release had been received by then. Los issued plaintiffs a full refund of their premium on November 22, 1985.

In August, 1986 the Gatleys sued Triantafillou and Kollidas for injuries resulting from the accident. Triantafillou immediately contacted his attorney, who then notified Los of the claim. Plaintiffs commenced the instant declaratory judgment action alleging that the Colonial policy was in effect when the accident occurred, that Colonial had a duty to defend and indemnify plaintiffs in the Gatley lawsuit and that if the policy was cancelled prior to the accident, it was due to Los' negligence. Colonial and Los moved, and plaintiffs and the Gatleys cross-moved, for summary judgment.

The court erred in granting Colonial summary judgment. There is an issue of fact whether Colonial received plaintiffs' Lost Policy Release notice of cancellation prior to October 24, 1985, the date the accident occurred. Although Los alleged that he sent the release to Colonial on October 21, 1985, Colonial did not indicate receipt of it until November 1, 1985. Moreover, if the policy was in effect when Mr. Gatley was injured, there is a further issue of fact whether plaintiffs gave Colonial or Los timely notice of the claim. Although plaintiffs learned of the accident the day it happened, they did not receive notice of the Gatleys' lawsuit until served with the summons and complaint in August, 1986. Upon receipt of the pleadings, plaintiffs immediately notified their attorney, who then notified Los. Until receiving notice of the Gatleys' lawsuit, plaintiffs may have had a good faith belief that they were not liable for Mr. Gatley's injuries *(see, Merchants Mut. Ins.*

*Co. v Hoffman,* 86 AD2d 779, *affd* 56 NY2d 799; *Clute v Harder Silo Co.,* 42 AD2d 818, 819). Mr. Gatley erected his own scaffolding, was not aided by plaintiffs or their employees and plaintiffs may have been unaware of the strict liability provisions of the Labor Law.

The court also erred in granting Los summary judgment. There is an issue of fact whether Los was negligent in directing Colonial to cancel the policy.

The court correctly denied the cross motions of plaintiffs and the Gatleys for summary judgment. There is an issue of fact whether Triantafillou or Los requested a full refund which caused the policy to be void from its inception. (Appeals from Judgment of Supreme Court, Niagara County, Koshian, J.—Declaratory Judgment.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.