■ MARY LOU PENDILL et al., Plaintiffs, v FURRY PAWS, INC., Defendant. FURRY PAWS, INC., Also Known as FU PA VI INC., Third-Party Plaintiff-Appellant, v TRAVELERS INDEMNITY OF AMERICA, Third-Party Defendant-Respondent. [815 NYS2d 513]—

Order and judgment (one paper), Supreme Court, New York County (Rosalyn Richter, J.), entered November 21, 2005, granting third-party defendant insurer's motion for summary judgment and declaring that third-party defendant has no obligation to defend or indemnify third-party plaintiff or any related or affiliated company in the main action, unanimously affirmed, with costs.

Third-party plaintiff's store manager testified at deposition that she witnessed plaintiff's fall in the store, sat with plaintiff for 30 minutes while plaintiff recovered, and was told by plaintiff an hour later that plaintiff was going to seek medical treatment. Such testimony suffices to show, as a matter of law, the possibility of a claim and the unreasonableness of third-party plaintiff's alleged good-faith belief to the contrary (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742 [2005]; *Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d 497, 499 [1989], *lv dismissed* 74 NY2d 651 [1989]). Accordingly, third-party plaintiff's admittedly untimely notice requires dismissal of the action. In any event, as the motion court also held, even if the six-month delay in giving notice were excusable, there would be no coverage because the store's lease was held and the store was operated by a corporation not listed in the policy as an insured or additional insured (*see Moleon v Kreisler Borg Florman Gen. Constr. Co.*, 304 AD2d 337, 339 [2003]). It makes no difference, under the policy provision invoked by third-party plaintiff, that all of this corporation's stock is owned by the same individual who owns all of the stock of the corporations that are so listed. Concur—Tom, J.P., Mazzarelli, Andrias, Marlow and Malone, JJ.