■ MANUEL FELIX et al., Plaintiffs, v PINEWOOD BUILDERS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant. JOHN CHESSARI et al., Third-Party Defendants, and SIRIUS AMERICA INSURANCE COMPANY, Third-Party Defendant-Appellant. [818 NYS2d 119]—

In an action to recover damages for personal injuries, etc., and a third-party action, inter alia, for a judgment declaring that the third-party defendant Sirius America Insurance Company is obligated to defend and indemnify the defendant third-party plaintiffs in the main action, the third-party defendant Sirius America Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 21, 2005, as denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Orange County, for severance of the third-party action insofar as asserted against the appellant and entry of a judgment declaring that the appellant is not obligated to defend and indemnify the defendant third-party plaintiffs.

The defendant third-party plaintiff Orange Rockland Development, Inc. (hereinafter Orange), was the general contractor at a construction site. Its liability policy with the third-party defendant Sirius America Insurance Company (hereinafter Sirius) required it to notify Sirius "as soon as practicable of an 'occurrence' . . . which may result in a claim." "Occurrence" was defined as an "accident." On December 5, 2003 Manuel Felix, an employee of a subcontractor, was injured in an accident at the site and was airlifted to a hospital. Orange, however, did not notify Sirius of the accident until more than seven months later, after Orange received a letter from Felix's attorney. Sirius promptly disclaimed coverage based on Orange's failure to notify it as soon as practicable of the accident. After Felix commenced this action to recover damages for personal injuries, Orange and the defendant Pinewood Builders, Inc. (hereinafter Pinewood), who was a named insured under the policy, commenced a third-party action, inter alia, for a declaration that Sirius was obligated to defend and indemnify them against Felix's claims. Subsequently, the Supreme Court denied Sirius's motion for summary judgment, and Sirius appeals. The Supreme Court also granted summary judgment dismissing the complaint insofar as asserted against Pinewood.

Sirius established its prima facie entitlement to judgment as a matter of law by demonstrating that Orange failed to notify it of the occurrence until more than seven months after it happened (*see White v City of New York,* 81 NY2d 955, 957 [1993]; *Jordan Constr. Prods. Corp. v Travelers Indem. Co. of Am.,* 14 AD3d 655, 656 [2005]). To defeat the motion, Orange had the burden of establishing a reasonable excuse for the delay (*see Argentina v Otsego Mut. Fire Ins. Co.,* 86 NY2d 748, 750 [1995]). As the Court of Appeals has held, there are circumstances in which a good faith belief of nonliability may excuse lack of timely notice (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.,* 5 NY3d 742, 743 [2005]). That belief must, however, be reasonable under all of the circumstances, " 'and it may be relevant on the issue of reasonableness, whether and to what extent, the insured has inquired into the circumstances of the accident or occurrence' " (*Great Canal Realty Corp. v Seneca Ins. Co., Inc., supra* at 744, quoting *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441 [1972]). In opposition to the motion, Orange's President, Walter Berkovic, asserted in an affidavit that three days after the accident he was told by Felix's employer that Felix had returned home, his injuries were not serious, and that he would be returning to work that day. Berkovic also stated in the affidavit that he was unaware of Felix's injuries until he received a claim letter from Felix's attorney. In fact, Felix did not return to work before Orange notified Sirius of the accident, and he allegedly suffered extensive injuries. Under the circumstances of this case, we find, as a matter of law, that Berkovic's failure to adequately inquire into Felix's condition precludes a finding that Berkovic had a reasonable, good faith belief that notice to Sirius was not required under the terms of the policy (*see SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.,* 253 AD2d 583, 584-585 [1998]; *Zadrima v PSM Ins. Cos.,* 208 AD2d 529, 530 [1994]; *cf. Jordan Constr. Prods. Corp. v Travelers Indem. Co. of Am., supra* at 656). Consequently, the Supreme Court should have granted Sirius's motion for summary judgment.

Since the third-party complaint insofar as asserted against Sirius seeks a declaratory judgment, the matter must be remitted to the Supreme Court, Orange County, for severance and entry of a judgment declaring that Sirius is not obligated to defend and indemnify the third-party plaintiffs (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Miller, J.P., Luciano, Lifson and Covello, JJ., concur.