GLORIA DONOVAN, Respondent, v EMPIRE INSURANCE GROUP et al., Appellants. [856 NYS2d 139]—

The defendants issued a commercial general liability insurance policy to the plaintiff for her property located at 7344 Amboy Road in Staten Island. The policy obligated the plaintiff to notify the defendants "as soon as practicable of an 'occurrence' or an offense which may result in a claim."

During the policy period, on September 9, 2001, Barbara Kearney allegedly was injured when she tripped and fell on the sidewalk which she described as located at 7336-7346 Amboy Road. By letter dated October 10, 2001, Simonson & Cohen, P.C., Kearney's attorney, sent written notification of Kearney's claim to the plaintiff. Kearney commenced an action against the City of New York (hereinafter the City) on February 26, 2002 and did not name the plaintiff as a party in that action. The City filed a third-party complaint dated March 5, 2003, against the plaintiff claiming that she was required to indemnify it for the injuries Kearney sustained. On May 23, 2003 the plaintiff sent the third-party complaint and summons to the defendants, providing notification to the defendants of the occurrence for the first time. By letter dated June 25, 2003, the defendants disclaimed coverage based on late notice.

The plaintiff subsequently commenced the instant action for a judgment declaring that the defendants are obligated to defend and indemnify her in the underlying action. The plaintiff moved for summary judgment, contending that her delay in notification was excusable because she had a reasonable belief in her nonliability. The defendants cross-moved for summary judgment. After a hearing on the issue before a referee, the Supreme Court confirmed the referee's finding that the plaintiff's delay in notifying the defendants 19 months after receiving the October 2001 claim letter was based on a reasonable belief in her nonliability. We reverse.

Where an insurance policy requires an insured to provide notice "as soon as practicable" of an occurrence, such notice must be provided within a reasonable time under all circumstances (see Deso v London & Lancashire Indem. Co. of Am., 3 NY2d 127, 129 [1957]). "Providing the required notice is a condition to the insurance carrier's liability . . . and absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy"

(*Lukralle v Durso Supermarkets*, 238 AD2d 318, 319 [1997]; *see Deso v London & Lancashire Indem. Co. of Am.*, 3 NY2d at 129). "An insured's good-faith belief that the injured party would not seek to hold it liable, when reasonable under the circumstances, may excuse a delay in notifying an insurer of an occurrence or potential claim" (*United Talmudical Academy of Kiryas Joel v Cigna Prop. & Cas. Co.*, 253 AD2d 423, 424 [1998]). "[T]he insured's belief must be reasonable under all the circumstances, and it may be relevant on the issue of reasonableness, whether and to what extent, the insured has inquired into the circumstances of the accident or occurrence" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]).

In general, a court should enforce a referee's report if the referee's findings are supported by the record (*see Royal & Sun Alliance v New York Cent. Mut. Ins. Co.*, 29 AD3d 886 [2006]; *Capili v Ilagan*, 26 AD3d 354 [2006]). We conclude, however, that here the referee's findings are not supported by the record. The plaintiff's belief in nonliability after receiving the claim letter, which clearly stated that Kearney had retained attorneys for the purpose of pursuing a claim against the plaintiff, was unreasonable. Additionally, the plaintiff's failure to investigate the facts surrounding the accident to determine if Kearney did, in fact, fall on her property was unreasonable under the circumstances (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 441; *Felix v Pinewood Bldrs., Inc.*, 30 AD3d 459 [2006]). Therefore, the plaintiff's delay in notifying the defendants of the occurrence for 19 months after receipt of the claim letter was in violation of the insurance policy, and the defendants are not obligated to defend and indemnify her in the underlying action (*see Deso v London & Lancashire Indem. Co. of Am.*, 3 NY2d at 129).

Accordingly, the defendants were entitled to summary judgment.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Richmond County, for the entry of a judgment declaring that the defendants are not obligated to defend and indemnify the plaintiff in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Spolzino, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.