■ ERIC HANSON et al., Plaintiffs, v TURNER CONSTRUCTION COMPANY, Defendant/Third-Party Plaintiff-Respondent, et al., Defendant. PLATO GENERAL CONSTRUCTION/EMCO TECH CONSTRUCTION, JOINT VENTURE, LLC, Third-Party Defendant, and SOMPO JAPAN INSURANCE COMPANY, Formerly Known as YASUDA FIRE AND MARINE INSURANCE COMPANY, Third-Party Defendant-Appellant. [897 NYS2d 116]—

In an action to recover damages for personal injuries, etc., and a third-party action for a judgment declaring, inter alia, that the third-party defendant Sompo Japan Insurance Company, formerly known as Yasuda Fire and Marine Insurance

Company, is obligated to defend and indemnify the defendant/ third-party plaintiff, Turner Construction Company, in the main action, the third-party defendant Sompo Japan Insurance Company, formerly known as Yasuda Fire and Marine Insurance Company, appeals from an order of the Supreme Court, Kings County (Sunshine, Ct. Atty. Ref.), dated February 25, 2009, which, after a framed-issue hearing, in effect, granted that branch of the motion of the defendant/third-party plaintiff, Turner Construction Company, which was for summary judgment declaring that it must include the defendant/third-party plaintiff as an additional insured under the policy of insurance it issued and that it is obligated to defend and indemnify the defendant/third-party plaintiff in the main action, and denied that branch of the cross motion of the third-party defendants which was for summary judgment declaring that the third-party defendant Sompo Japan Insurance Company, formerly known as Yasuda Fire and Marine Insurance Company, need not include the defendant/third-party plaintiff as an additional insured under the policy of insurance it issued, and that it is not obligated to defend and indemnify the defendant/third-party plaintiff in the main action.

Ordered that the order is reversed, on the law, with costs, that branch of the motion of the defendant/third-party plaintiff which was for summary judgment declaring that the third-party defendant Sompo Japan Insurance Company, formerly known as Yasuda Fire and Marine Insurance Company, must include the defendant/third-party plaintiff as an additional insured under the policy of insurance it issued and that it is obligated to defend and indemnify the defendant/third-party plaintiff in the main action, is denied, and that branch of the cross motion of the third-party defendants which was for summary judgment declaring that the third-party defendant Sompo Japan Insurance Company, formerly known as Yasuda Fire and Marine Insurance Company need not include the defendant/third-party plaintiff as an additional insured under the policy of insurance it issued, and that it is not obligated to defend and indemnify the defendant/third-party plaintiff in the main action, is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the third-party defendant Sompo Japan Insurance Company, formerly known as Yasuda Fire and Marine Insurance Company, need not include the defendant/third-party plaintiff as an additional insured under the policy of insurance it issued and is not obligated to defend and indemnify the defendant/third-party plaintiff in the main action.

Where, as here, an insurance policy requires an insured to

provide notice of an occurrence as soon as practicable, such notice must be provided within a reasonable time in view of all of the circumstances (*see Eagle Ins. Co. v Zuckerman*, 301 AD2d 493, 495 [2003]; *Travelers Indem. Co. v Worthy*, 281 AD2d 411 [2001]). "While a good-faith belief of nonliability may excuse or explain a failure to give timely notice, the insured bears the burden of demonstrating that the delay in giving notice was reasonable" (*Travelers Indem. Co. v Worthy*, 281 AD2d at 412; *see St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d 1030, 1031 [2007]).

In this case, the defendant/third-party plaintiff, Turner Construction Company (hereinafter Turner), possessed contemporaneous knowledge of the accident and that the injured plaintiff sought treatment at a medical facility for an injury to his back immediately following the accident. Moreover, the fact that Turner provided a copy of the accident report it prepared to, among others, its "insurance company department," was inconsistent with Turner's claim of having a good-faith belief in nonliability. Under the circumstances, Turner's delay of nearly two years in giving notice of the accident was unreasonable (*see Fischer v Centurion Ins. Co.*, 9 AD3d 381, 382 [2004]; *Zadrima v PSM Ins. Cos.*, 208 AD2d 529, 530 [1994]).

Since the third-party action is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the third-party defendant Sompo Japan Insurance Company, formerly known as Yasuda Fire and Marine Insurance Company need not include Turner as an additional insured under the policy of insurance it issued and is not obligated to defend and indemnify Turner in the main action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

In light of our determination, we need not reach Sompo's remaining contentions. Skelos, J.P., Santucci, Dickerson and Roman, JJ., concur.