■ Michael Lobosco, Plaintiff, v Best Buy, Inc., et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendant.

Dame Contracting, Inc., Third-Party Defendant-Respondent-Appellant, and Everest National Insurance Company, Third-Party Defendant-Appellant-Respondent. [915 NYS2d 305]—

In an action to recover damages for personal injuries, the third-party defendant Everest National Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated October 13, 2009, as denied its cross motion for summary judgment on its counterclaim in the third-party action for a judgment declaring that it has no duty to defend or indemnify the defendants/third-party plaintiffs Schimenti Construction Corporation and Best Buy, Inc., in the main action, and for summary judgment on its cross claim in the third-party action for a judgment declaring that it has no duty to defend or indemnify the third-party defendant Dame Contracting, Inc., in the third-party action, and granted that branch of the motion of the third-party defendant Dame Contracting, Inc., which was for leave to amend its answer to add a cross claim to reform the subject insurance policy to name Schimenti Construction Corporation and Best Buy, Inc., as additional insureds, and the third-party defendant Dame Contracting, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment on its cross claims for a judgment declaring that the third-party defendant Everest National Insurance Company is obligated to defend and indemnify it in the third-party action.

Ordered that the cross appeal by the third-party defendant Dame Contracting, Inc., from so much of the order as denied that branch of its motion which was for summary judgment on its cross claims for a judgment declaring that the third-party defendant Everest National Insurance Company is obligated to defend and indemnify it in the third-party action, is dismissed as academic in light of our determination on the appeal by the third-party defendant Everest National Insurance Company from so much of the order as denied its cross motion for sum-

mary judgment on its counterclaim in the third-party action for a judgment declaring that it has no duty to defend or indemnify the defendants/third-party plaintiffs Schimenti Construction Corporation and Best Buy, Inc., in the main action; and it is further,

Ordered that order is reversed insofar as reviewed, on the law, the cross motion of the third-party defendant Everest National Insurance Company for summary judgment on its counterclaim in the third-party action for a judgment declaring that it has no duty to defend or indemnify the defendants/third-party plaintiffs Schimenti Construction Corporation and Best Buy, Inc., in the main action, and on its cross claim in the third-party action for a judgment declaring that it has no duty to defend or indemnify the third-party defendant Dame Contracting, Inc., in the third-party action is granted, that branch of the motion of the third-party defendant Dame Contracting, Inc., which was for leave to amend its answer to add a cross claim to reform the subject insurance policy to name Schimenti Construction Corporation and Best Buy, Inc., as additional insureds is denied as academic, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the third-party defendant Everest National Insurance Company is not obligated to defend or indemnify the defendants/third-party plaintiffs Schimenti Construction Corporation and Best Buy, Inc., in the main action, and is not obligated to defend or indemnify the third-party defendant Dame Contracting, Inc., in the third-party action; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant Everest National Insurance Company payable by the defendants/third-party plaintiffs Schimenti Construction Corporation and Best Buy, Inc., and the third-party defendant Dame Contracting Inc.

In May 2006, the third-party defendant Dame Contracting, Inc. (hereinafter Dame), entered into a subcontract with a general contractor, the defendant/third-party plaintiff Schimenti Construction Corporation (hereinafter Schimenti), to install drywall and metal framing at a Best Buy, Inc. (hereinafter Best Buy), store under construction in Valley Stream. Under the terms of the subcontract, Dame was required to obtain a commercial general liability insurance policy for the Valley Stream project, which was to name Schimenti and Best Buy as additional insureds. Although an insurance broker obtained a liability insurance policy on Dame's behalf from the third-party defendant Everest National Insurance Company (hereinafter Everest), the policy allegedly failed to name Schimenti and Best Buy as additional insureds on the Valley Stream project.

On July 24, 2006, the plaintiff was working for Dame at the Valley Stream site when he fell off the end of a loading dock and allegedly sustained injuries to his right wrist. The plaintiff immediately sought treatment at a hospital, and subsequent medical treatment allegedly revealed that he had sustained additional injuries, inter alia, to his back. Everest first received notice of the plaintiff's accident from Dame, Schimenti, and Best Buy approximately four months after its occurrence. Everest disclaimed coverage for the accident on the ground of late notice.

In January 2007, the plaintiff commenced the underlying main action to recover damages for personal injuries allegedly sustained as a result of the defendants' negligence and Labor Law violations. Schimenti and Best Buy thereafter commenced a third-party action against both Dame and Everest seeking contribution, indemnification, and damages for Everest's alleged breach of its duty to defend. Dame answered, asserting cross claims for a judgment declaring that Everest had a duty to defend Dame, Schimenti, and Best Buy, and to indemnify Dame. Everest answered, alleging that Schimenti and Best Buy were not additional insureds under the subject policy, and that even if they were, they breached their duties to provide timely notice of the occurrence under the policy terms. In its answer, Everest also asserted a counterclaim against Schimenti and Best Buy for a judgment declaring that it was not obligated to defend or indemnify them in the main action, and a cross claim against Dame for a judgment declaring that it was not obligated to defend or indemnify Dame in the third-party action. Everest subsequently cross-moved for summary judgment on its counterclaim against Schimenti and Best Buy and on its cross claim against Dame, contending, inter alia, that it had no duty to defend or indemnify them because they had failed to provide timely notice of the plaintiff's accident. The Supreme Court denied Everest's cross motion, and we reverse.

Where, as here, a contract of primary insurance requires notice "as soon as practicable" after an occurrence, "the absence of timely notice of an occurrence is a failure to comply with a condition precedent which, as a matter of law, vitiates the contract" (*Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440-443 [1972]). Everest established its entitlement to judgment as a matter of law on its counterclaim for a judgment declaring that it has no duty to defend or indemnify Schimenti and Best Buy in the main action, and on its cross claim for a judgment declaring that it has

no duty to defend or indemnify Dame in the third-party action, by submitting evidence that it did not receive notice of the plaintiff's accident from these parties until about four months after its occurrence (*see Bauerschmidt & Sons, Inc. v Nova Cas. Co.*, 69 AD3d 668, 669 [2010]; *Felix v Pinewood Bldrs., Inc.*, 30 AD3d 459, 461 [2006]; *Gershow Recycling Corp. v Transcontinental Ins. Co.*, 22 AD3d 460, 461 [2005]). In opposition, neither Dame, Schimenti, nor Best Buy raised an issue of fact as to whether their delay in providing notice was reasonably based on a good faith belief of nonliability. Their proffered excuses that they believed the accident would not result in a claim because the plaintiff's injuries appeared to be minor, and because he had filed a workers' compensation claim, were not reasonable in view of both the fact that they were aware that the plaintiff had sought medical treatment for his injuries, and Dame's failure to inquire further as to his condition (*see Hanson v Turner Constr. Co.*, 70 AD3d 641, 643 [2010]; *Sevenson Envtl. Servs., Inc. v Sirius Am. Ins. Co.*, 64 AD3d 1234, 1235 [2009]; *York Speciality Food, Inc. v Tower Ins. Co. of N.Y.*, 47 AD3d 589, 590 [2008]; *Felix v Pinewood Bldrs., Inc.*, 30 AD3d at 461; *Pendill v Furry Paws, Inc.*, 29 AD3d 453, 454 [2006]; *Rondale Bldg. Corp. v Nationwide Prop. & Cas. Ins. Co.*, 1 AD3d 584, 585 [2003]; *Zadrima v PSM Ins. Cos.*, 208 AD2d 529, 530 [1994]; *Winstead v Uniondale Union Free School Dist.*, 201 AD2d 721, 722-723 [1994]). Accordingly, Everest's cross motion for summary judgment on its counterclaim in the third-party action and on its cross claim in the third-party action should have been granted based on late notice of the occurrence.

In light of our determination that Schimenti and Best Buy were not entitled to coverage under the subject policy because they failed to give Everest timely notice of the plaintiff's accident, that branch of Dame's motion which was for leave to amend its answer to add a cross claim to reform the subject insurance policy to name Schimenti and Best Buy as additional insureds must be denied as academic.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Everest is not obligated to defend or indemnify Schimenti and Best Buy in the main action, and is not obligated to defend or indemnify Dame in the third-party action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Dillon, Eng and Chambers, JJ., concur. ■