HANOVER INSURANCE COMPANY et al., Respondents, v STUART PRAKIN et al., Appellants. (And a Third-Party Action.) [916 NYS2d 615]—

In an action for a judgment declaring that the plaintiffs Hanover Insurance Company, Citizens Insurance Company of America, and Massachusetts Bay Insurance Company are not obligated to defend and indemnify the defendants Stuart Prakin and Shari L. Bach in an underlying personal injury action entitled *Gliatta v Bach*, pending in the Supreme Court, Rockland County, under index No. 1047/04, the defendants Stuart Prakin and Shari L. Bach appeal, and the defendants Joseph T. Gliatta and Lorraine Gliatta separately appeal, from (1) an order of the Supreme Court, Rockland County (Nelson, J.), dated September 17, 2009, which granted the plaintiffs' motion for summary judgment, and (2) a judgment of the same court entered January 13, 2010, which, upon the order, is in favor of the plaintiffs and against the defendants declaring that the plaintiffs are not obligated to defend or indemnify Stuart Prakin or Shari L. Bach in the underlying personal injury action. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [c]).

On January 2, 2003, the defendant Joseph T. Gliatta was injured when the vehicle he was driving was involved in an accident with a Jeep Wrangler owned and operated by the defendant Shari L. Bach. Bach's vehicle was insured by State Farm Insurance Company. Bach and her husband, the defendant Stuart Prakin (hereinafter together the insureds), also maintained a personal umbrella insurance policy with the plaintiff Hanover Insurance Company (hereinafter HIC), a homeowners insurance policy with the plaintiff Citizens Insurance Company of America (hereinafter Citizens), and an automobile insurance policy, covering another vehicle owned by Prakin, with the plaintiff Massachusetts Bay Insurance Company (hereinafter Mass Bay).

Joseph T. Gliatta and his wife (hereinafter together the injured defendants) commenced a personal injury action against the insureds in February 2004.

The insureds did not notify the injured defendants of the existence of the HIC personal umbrella insurance policy until March 2006. On or about October 25, 2006, approximately three years and nine months after the accident date, the insureds, by their attorney, notified HIC in writing of the accident. Hanover Insurance Group, writing on behalf of its affiliates HIC, Citizens, and Mass Bay (hereinafter collectively Hanover), disclaimed coverage of the accident under all three policies, both on the basis that it had not been timely notified of the accident by either the insureds or the injured defendants and that, even though coverage was not requested under either the homeowners policy or the automobile policy, the accident was excluded from coverage under both of those policies.

Hanover then commenced this action, seeking a declaration that it is not obligated to defend or indemnify Prakin or Bach in the underlying personal injury action. Hanover moved for summary judgment, and the defendants opposed the motion on the grounds that the motion was premature and that, in any event, questions of fact existed as to when Hanover was notified of the accident. The Supreme Court granted Hanover's motion, and judgment was entered in Hanover's favor declaring that it has no obligation to defend or indemnify Prakin or Bach in the underlying action. We affirm.

Hanover established, prima facie, its entitlement to judgment as a matter of law by demonstrating that the insureds did not provide it with notice of the occurrence until more than three years after the accident occurred (*see Key Bank U.S.A., N.A. v Interboro Ins. Co.*, 65 AD3d 521 [2009]; *see also Hanson v Turner Constr. Co.*, 70 AD3d 641 [2010]; *Bauerschmidt & Sons, Inc. v Nova Cas. Co.*, 69 AD3d 668 [2010]; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d 596 [2010]; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.*, 40 AD3d 719 [2007]; *Felix v Pinewood Bldrs., Inc.*, 30 AD3d 459 [2006]; *Steinberg v Hermitage Ins. Co.*, 26 AD3d 426 [2006]). In opposition, the insureds submitted only the affirmation of their attorney, in which he asserted, without submitting any additional supporting evidence, that notice had been given to Hanover at some earlier point. Since the insureds offered no excuse for the delay in notifying Hanover, the Supreme Court properly concluded that the notice given by the insureds to Hanover was untimely.

While Insurance Law § 3420 (a) (3) provides an injured party with an independent right to provide an insurance carrier with written notice of an accident, to satisfy the notice requirement of an insurance policy, the injured party has the burden of proving that he or she, or counsel, acted diligently in attempting to ascertain the identity of the insurer, and thereafter expeditiously notified the insurer (*see Becker v Colonial Coop. Ins. Co.*, 24 AD3d 702, 706 [2005]; *Trepel v Asian Pac. Express Corp.*, 16 AD3d 405, 406 [2005]; *American Home Assur. Co. v State Farm Mut. Auto. Ins. Co.*, 277 AD2d 409, 410 [2000]; *Eveready Ins. Co. v Chavis*, 150 AD2d 332, 333 [1989]). Here, the injured defendants failed to explain their seven-month delay in notifying Hanover of the accident, despite uncontroverted proof that they were informed of the existence of the HIC umbrella insurance policy in March 2006.

The defendants' contention that Hanover's motion for summary judgment was premature is also without merit. The defendants failed to offer any evidentiary basis to suggest that discovery may lead to relevant evidence. The mere hope and speculation that evidence sufficient to defeat the motion might be uncovered during discovery is an insufficient basis upon which to deny the motion (*see* CPLR 3212 [f]; *Essex Ins. Co. v Michael Cunningham Carpentry*, 74 AD3d 733 [2010]; *Peerless Ins. Co. v Micro Fibertek, Inc.*, 67 AD3d 978, 979 [2009]; *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736, 737 [2007]).

The insureds' remaining contentions need not be reached in light of our determination. Florio, J.P., Eng, Belen and Austin, JJ., concur.