■ 25TH AVENUE, LLC, et al., Appellants, v DELOS INSURANCE COMPANY, Respondent. [922 NYS2d 204]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Jaramillo v Colonial Constr., LLC*, commenced in the United States District Court for the Eastern District of New York under docket No. 07-2142, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Palmieri, J.), entered May 4, 2010, which granted the defend-

ant's motion for summary judgment declaring that the defendant was not obligated to defend and indemnify the plaintiffs in the underlying action, and (2) a judgment of the same court entered June 25, 2010, which, upon the order, among other things, declared that the defendant was not so obligated.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendant's motion for summary judgment is denied, and the complaint is reinstated, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff 25th Avenue, LLC (hereinafter the owner), owns premises at 45-15 25th Avenue in Queens, where the plaintiff Colonial Construction and Development, LLC (hereinafter the general contractor), managed a construction project. On June 8, 2005, Hermes Jaramillo, an employee of nonparty subcontractor Biltmore Contracting, Inc., was allegedly injured on the job. In May 2007 Jaramillo commenced the underlying action in the United States District Court for the Eastern District of New York against the owner and general contractor, alleging violations of the Labor Law. Thereafter, the plaintiffs filed a claim seeking a defense and indemnification under their insurance policy with the defendant Delos Insurance Company (hereinafter the insurer). The insurer denied coverage, inter alia, on the ground of late notice of claim.

The plaintiffs commenced this action for a judgment declaring that the insurer is obligated to defend and indemnify them in the underlying action. The insurer moved for summary judgment, and the Supreme Court granted the motion, holding that the insurer had established, prima facie, the plaintiffs' unreasonable delay in giving notice of the occurrence, and the plaintiffs, in opposition, had failed to raise a triable issue of fact as to whether their delay was based upon a reasonable, good faith belief in nonliability. Contrary to the conclusion of the Supreme Court, we hold that the plaintiffs raised a triable issue of fact sufficient to defeat the insurer's motion.

Where, as here, a policy of liability insurance requires that

notice of an occurrence which may give rise to a claim be given "as soon as practicable," "such notice must be accorded the carrier within a reasonable period of time" (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]; *Donovan v Empire Ins. Group*, 49 AD3d 589, 590 [2008]). This requirement is a condition precedent to coverage (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *White v City of New York*, 81 NY2d 955, 957 [1993]; *Donovan v Empire Ins. Group*, 49 AD3d at 590). However, "there may be circumstances that excuse a failure to give timely notice, such as where the insured has 'a good-faith belief of nonliability,' provided that belief is reasonable" (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743, quoting *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 441; *see White v City of New York*, 81 NY2d at 957; *Felix v Pinewood Bldrs., Inc.*, 30 AD3d 459, 461 [2006]). The insured bears the burden of establishing the reasonableness of such excuse (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 744; *White v City of New York*, 81 NY2d at 957; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 441), which is ordinarily an issue of fact and not one of law (*see Hermitage Ins. Co. v Arm-ing, Inc.*, 46 AD3d 620, 621 [2007]; *St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d 1030, 1031-1032 [2007]; *Kim v Maher*, 226 AD2d 350 [1996]).

Here, although the plaintiffs were aware on the date of the incident that Jaramillo had been injured and had obtained medical care, other evidence they submitted in opposition to the insurer's summary judgment motion raises a triable issue as to their reasonable, good faith belief of nonliability excusing their delay in notifying the insurer, including statements by the subcontractor that Jaramillo was fine and had returned to work, the subcontractor's proof prior to commencement of the work of its own liability and workers' compensation insurance, the subcontractor's entry into a "hold-harmless" agreement with the general contractor, the owner's and general contractor's lack of supervision or control over the work done by the subcontractor's employees, and the small size of the plaintiffs' businesses and the principals' relative lack of experience in the construction industry and lack of any experience with construction site injuries. Under the particular circumstances of this case, the plaintiffs raised a triable issue of fact as to the reasonableness of their belief of nonliability (*see Bauerschmidt & Sons, Inc. v Nova Cas. Co.*, 69 AD3d 668 [2010]; *R & L Richmond Ave. Corp. v Public Serv. Mut. Ins. Co.*, 56 AD3d 643 [2008]; *North Country Ins. Co. v Jandreau*, 50 AD3d 1429 [2008]; *St.*

*James Mech., Inc. v Royal & Sunalliance*, 44 AD3d at 1031-1032). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment. Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.