■ TOWER INSURANCE COMPANY OF NEW YORK, Appellant, v EDWIN L. ALVARADO et al., Respondents. [923 NYS2d 717]—

In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendants Edwin L. Alvarado and Irma Alvarado in an underlying personal injury action entitled *Sampson v Alvarado*, pending in the Supreme Court, Bronx County, under index No. 20092/07, the plaintiff appeals from an order of the Supreme Court, Rockland County (Jamieson, J.), entered September 29, 2010, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

Where, as here, an insurance policy requires that notice of an occurrence be given "as soon as practicable," notice must be given within a reasonable period of time in view of all the circumstances (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]; *25th Ave., LLC v*

*Delos Ins. Co.*, 84 AD3d 781 [2011]; *Bigman Bros., Inc. v QBE Ins. Corp.*, 73 AD3d 1110, 1111 [2010]; *Blue Ridge Ins. Co. v Biegelman*, 36 AD3d 736 [2007]). However, "there may be circumstances that excuse a failure to give timely notice, such as where the insured has 'a good-faith belief of nonliability,' provided that belief is reasonable" (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743, quoting *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 441; *see 25th Ave. LLC v Delos Ins. Co.*, 84 AD3d 781 [2011]). The insured has the burden of establishing that there was a reasonable excuse for the delay in giving notice (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 744; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 441). "Ordinarily, the question of whether the insured had a good-faith belief in nonliability, and whether that belief was reasonable, presents an issue of fact and not one of law" (*St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d 1030, 1031 [2007]; *see 25th Ave. LLC v Delos Ins. Co.*, 84 AD3d 781 [2011]; *McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co.*, 79 AD3d 981, 983 [2010]). Nevertheless, the issue of whether an insured's excuse for the delay is reasonable "may be determined as a matter of law where the evidence, construing all inferences in favor of the insured, establishes that the belief was unreasonable or in bad faith" (*McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co.*, 79 AD3d at 983; *Bigman Bros., Inc. v QBE Ins. Corp.*, 73 AD3d at 1111).

The plaintiff insurance company established its prima facie entitlement to judgment as a matter of law by demonstrating that its insureds, the defendants Edwin L. Alvarado and Irma Alvarado (hereinafter together the Alvarados), did not provide notice of the subject accident until more than two years after it had occurred, and that the defendants Winston Sampson and Lupertia Sampson (hereinafter together the Sampsons), did not exercise their independent right as injured parties to provide notice (*see Lobosco v Best Buy, Inc.*, 80 AD3d 728, 731 [2011]; *Bigman Bros., Inc. v QBE Ins. Corp.*, 73 AD3d at 1112; *Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d 689, 690 [2009]; *St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d at 1032; *Seneca Ins. Co. v W.S. Distrib., Inc.*, 40 AD3d 1068, 1069-1070 [2007]; *Felix v Pinewood Bldrs., Inc.*, 30 AD3d 459, 461 [2006]). However, construing all inferences in favor of the Alvarados, they raised a triable issue of fact as to whether their delay in giving notice was reasonably based on a good faith belief in nonliability (*see 25th Ave., LLC v Delos Ins. Co.*, 84 AD3d 781 [2011]; *North Country Ins. Co. v Jandreau*, 50 AD3d 1429, 1430-1431 [2008]; *St. James Mech., Inc. v Royal & Sunalliance*, 44

AD3d at 1032; *Klersy Bldg. Corp. v Harleysville Worcester Ins. Co.*, 36 AD3d 1117, 1119 [2007]; *G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co.*, 215 AD2d 821, 822 [1995]; *Triantafillou v Colonial Coop. Ins. Co.*, 178 AD2d 925, 926-927 [1991]).

While it is undisputed that the Sampsons did not exercise their independent right as injured parties to give notice, in view of the existence of a triable issue of fact as to whether the insureds' delay in providing notice was excusable, the plaintiff is not entitled at this juncture to summary judgment declaring that it has no duty to defend and indemnify its insureds in the underlying personal injury action. Covello, J.P., Eng, Leventhal and Cohen, JJ., concur.