■ UTICA FIRST INSURANCE COMPANY, Appellant, v DEBBIE VAZQUEZ et al., Respondents. [938 NYS2d 625]—

" 'Where an insurance policy requires that notice of an occurrence be given promptly, notice must be given within a reasonable time in view of all of the facts and circumstances' " (*120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.*, 40 AD3d 719, 721 [2007], quoting *Eagle Ins. Co. v Zuckerman*, 301 AD2d 493, 495 [2003]). Absent a valid excuse for a delay in furnishing notice, failure to satisfy the notice requirement vitiates coverage (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]; *Donovan v Empire Ins. Group*, 49 AD3d 589, 590 [2008]). However, there may be circumstances, such as lack of knowledge that an accident has occurred, or a reasonable belief in nonliability, that will excuse a delay in giving notice (*see White v City of New York*, 81 NY2d 955, 957 [1993]; *Felix v Pinewood Bldrs., Inc.*, 30 AD3d 459, 461 [2006]). The insured has the burden of showing the reasonableness of such excuse (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 744; *White v City of New York*, 81 NY2d at 957; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 441).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating that it was not provided with notice of the subject accident until almost two years after it had occurred (*see Tower Ins. Co. of N.Y. v Alvarado*, 84 AD3d 1354, 1355-1356 [2011]; *Hanover Ins. Co. v Prakin*, 81 AD3d 778, 780 [2011]; *Lobosco v Best Buy, Inc.*, 80 AD3d 728, 731-732 [2011]; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d 596, 597 [2010]). However, in opposition to the plaintiff's summary judgment motion, the defendants Debbie Vazquez, Debbie Vazquez, doing business as Debbie Construction, and Debbie Construction (hereinafter the Debbie Construction defendants) and the defendant Edgardo Almenden raised a triable issue of fact as to whether the delay in giving notice was reasonably based on Debbie Construction principal Debbie Vazquez's lack of knowledge of the accident (*cf. Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436 [1972]), or on a good faith belief in the nonliability of her employee, Almenden (*see Tower Ins. Co. of N.Y. v Alvarado*, 84 AD3d at

1355-1356; *25th Ave., LLC v Delos Ins. Co.*, 84 AD3d 781, 783-784 [2011]; *North Country Ins. Co. v Jandreau*, 50 AD3d 1429, 1430-1431 [2008]; *Klersy Bldg. Corp. v Harleysville Worcester Ins. Co.*, 36 AD3d 1117, 1119 [2007]; *G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co.*, 215 AD2d 821, 822 [1995]; *Triantafillou v Colonial Coop. Ins. Co.*, 178 AD2d 925, 926-927 [1991]). Accordingly, the Supreme Court correctly denied the plaintiff's motion for summary judgment.

Since, as noted above, there is a triable issue of fact as to whether the delay in giving notice was reasonable, the Supreme Court erred in granting the cross motion of the Debbie Construction defendants and Almenden for summary judgment, and in issuing a judgment declaring that the plaintiff is obligated to defend and indemnify those defendants in the underlying action.

The parties' remaining contentions are without merit. Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.