Egan Jr., J.
Appeal from an order of the Supreme Court (Reilly Jr., J.), entered March 13, 2012 in Schenectady County, which, among other things, denied defendant’s cross motion for summary judgment.
On June 27, 2008, a guest staying at plaintiffs motel in the City of Saratoga Springs, Saratoga County allegedly sustained various injuries after he tripped and fell on a rug located in his room. At the time of this incident, the premises were covered by an insurance policy issued by defendant.[1] In August 2008, the guest commenced a personal injury action in Bronx County, in *1012 response to which plaintiff wrote a letter to the guest’s attorney in September 2008 contending, among other things, that the underlying lawsuit was fraudulent. A supplemental summons and complaint followed in December 2008, and plaintiff again responded with a pro se letter. Although the cumulative correspondence from plaintiff indicated that he had discussed the pending lawsuit with two attorneys and revealed his intention to both contact the state Attorney General’s office and provide the Bronx County District Attorney’s office with a copy of the underlying pleadings, plaintiff did not notify defendant of the lawsuit — or provide it with copies of the pleadings — until January 23, 2009. By letter dated January 27, 2009, defendant denied coverage based upon plaintiffs failure to provide notice of the underlying occurrence “as soon as practicable,” as well as his failure to “[i]immediately send [defendant] copies of any demands, notices, summonses or legal papers received in connection with the claim or ‘suit.’ ”
Plaintiff thereafter commenced this declaratory judgment action against defendant seeking, among other things, a declaration that defendant is required to defend and indemnify him in the underlying action. Following joinder of issue, plaintiff moved for, among other things, summary judgment striking defendant’s answer, and defendant cross-moved for summary judgment. Supreme Court denied the respective motions, and defendant now appeals.
“Where a policy of liability insurance requires that notice of an occurrence be given ‘as soon as practicable,’ such notice must be accorded the carrier within a reasonable period of time. The insured’s failure to satisfy the notice requirement constitutes a failure to comply with a condition precedent which, as a matter of law, vitiates the contract” (Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743 [2005] [internal quotation marks and citations omitted]; see Sorbara Constr. Corp. v AIU Ins. Co., 11 NY3d 805, 806 [2008]; 25th Ave., LLC v Delos Ins. Co., 84 AD3d 781, 782-783 [2011]; Klersy Bldg. Corp. v Harleysville Worcester Ins. Co., 36 AD3d 1117, 1118 [2007]).[2] Although “there may be circumstances where the insured’s failure to give timely notice is excusable, . . . [t]he insured bears the burden of establishing the reasonableness of the proffered *1013 excuse” (Bauerschmidt & Sons, Inc. v Nova Cas. Co., 69 AD3d 668, 669 [2010]; see Tower Ins. Co. of N.Y. v Alvarado, 84 AD3d 1354, 1355 [2011]; Klersy Bldg. Corp. v Harleysville Worcester Ins. Co., 36 AD3d at 1118-1119). In this regard, the reasonableness of the insured’s excuse — although generally presenting a question of fact for a jury (see U.S. Underwriters Ins. Co. v Carson, 49 AD3d 1061, 1063 [2008]) — “may be determined as a matter of law where the evidence, construing all inferences in favor of the insured, establishes that the belief was unreasonable or in bad faith” (Tower Ins. Co. of N.Y. v Alvarado, 84 AD3d at 1355 [internal quotation marks and citation omitted]).
Here, defendant made a prima facie showing of its entitlement to judgment as a matter of law based upon plaintiff’s nearly five-month delay (August 2008 to January 2009) in notifying defendant of the underlying personal injury action (see Bauerschmidt & Sons, Inc. v Nova Cas. Co., 69 AD3d at 669), and plaintiff failed to tender sufficient proof to raise a question of fact as to the reasonableness of such delay. Plaintiff’s personal belief that the guest’s lawsuit was fraudulent is not the equivalent of “a good-faith belief of nonliability” (Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d at 743 [internal quotation marks and citation omitted]; accord Klersy Bldg. Corp. v Harleysville Worcester Ins. Co., 36 AD3d at 1118)— particularly given that there is no dispute that the guest was registered at plaintiffs motel at the time of the incident and allegedly was injured upon the insured premises — and any assertion that plaintiff failed to grasp the seriousness of the personal injury lawsuit or the potential liability arising therefrom is belied by both his pro se responses to the pleadings served in that action and his February 2009 letter to defendant expressing his reluctance to report the incident.[3] Under these circumstances, and based upon plaintiffs failure to provide notice of the underlying occurrence “as soon as practicable,” defendant is entitled to a declaration that it has no duty to defend or indemnify plaintiff in the underlying action.
Moreover, even assuming that a question of fact existed as to whether plaintiff provided defendant with notice of the occurrence “as soon as practicable,” plaintiffs corresponding failure to “[i]immediately send [defendant] copies of any demands, no *1014 tices, summonses or legal papers received in connection with the [guest’s] claim or ‘suit,’ ” for which no valid reason was given, provides an independent basis upon which to absolve defendant of its coverage obligations (see Board of Hudson Riv.-Black Riv. Regulating Dist. v Praetorian Ins. Co., 56 AD3d 929, 930 n [2008]; Steadfast Ins. Co. v Sentinel Real Estate Corp., 283 AD2d 44, 54 [2001]; Viles Contr. Corp. v Hartford Fire Ins. Co., 271 AD2d 349, 349 [2000]). Accordingly, Supreme Court’s order is modified to the extent of granting defendant’s cross motion for summary judgment.
Rose, J.E, Lahtinen and Garry, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant’s cross motion; cross motion granted and it is declared that defendant has no duty to defend or indemnify plaintiff in the underlying action; and, as so modified, affirmed.

. The policy was in effect from June 16, 2008 to June 16, 2009.

. Insurance Law § 3420 (c) (2) (A) now requires the disclaiming insurer to demonstrate prejudice, but the policy at issue here predated the effective date of the statute (January 17, 2009) (see note 1, supra). Hence, defendant was not required to demonstrate prejudice (see Rosier v Stoeckeler, 101 AD3d 1310, 1312 [2012]; Columbia Univ. Press, Inc. v Travelers Indem. Co. of Am., 89 AD3d 667, 667 [2011]).

. In this letter, plaintiff referenced a prior incident wherein another insurance company had paid on a claim filed by one of plaintiffs tenants — a payment that plaintiff felt was unwarranted given what he deemed to be the fraudulent nature of the claim. After recounting this incident, plaintiff inquired of defendant, “Do you want me to provide any fraud [sic] the name of your company and the policy number if they verbally ask for it? I can do that. It seems like your firm desires that. I personally prefer not to do that.”