■ NATHALIE OSORIO, Plaintiff, v BOWNE REALTY ASSOCIATES, LLC, Defendant/Third-Party Plaintiff-Appellant, et al., Defendants. MT. HAWLEY INSURANCE COMPANY, Third-Party Defendant-Respondent. [35 NYS3d 213]—

In an action to recover damages for personal injuries and a related third-party action, the defendant/third-party plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), entered August 6, 2014, as granted the motion of the third-party defendant for summary judgment declaring, inter alia, that the third-party defendant has no obligation to defend or indemnify the defendant/third-party plaintiff in the main action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the third-party defendant for summary judgment declaring, inter alia, that the third-party defendant has no obligation to defend or indemnify the defendant/third-party plaintiff in the main action is denied.

On September 16, 2007, the plaintiff allegedly fell to the ground from a fourth floor window of a building owned by the defendant Bowne Realty Associates, LLC (hereinafter Bowne). In September 2010, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained during the accident. After being served with the summons and complaint, Bowne provided notice of the commencement of the action to its insurer, Mt. Hawley Insurance Company (hereinafter Mt. Hawley). In October 2010, Mt. Hawley disclaimed coverage based on late notice of claim. Thereafter, Bowne commenced this third-party action seeking, inter alia, a declaration that Mt. Hawley had a duty to defend and indemnify it in the main action. After the conclusion of discovery, Mt. Hawley moved for summary judgment declaring, inter alia, that it had no duty to defend or indemnify Bowne in the main action. The Supreme Court, among other things, granted Mt. Hawley's motion, and Bowne appeals.

Where an insurance policy requires that notice of an occurrence be given "as soon as practicable," notice must be given within a reasonable time in view of all of the circumstances (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d

742, 743 [2005]; *Aspen Ins. UK Ltd. v Nieto*, 137 AD3d 720, 720 [2016]; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d 596, 597 [2010]). Absent a valid excuse for a delay in furnishing notice, failure to satisfy the notice requirement vitiates coverage (*see Great Canal Realty Corp. v Seneca Ins. Co.*, 5 NY3d at 743; *Security Mut. Ins. Co: of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]; *Donovan v Empire Ins. Group*, 49 AD3d 589, 590 [2008]). However, circumstances may exist that will excuse or explain the insured's delay in giving notice, such as lack of knowledge that an accident has occurred (*see White v City of New York*, 81 NY2d 955, 957 [1993]; *Utica First Ins. Co. v Vazquez*, 92 AD3d 866, 867 [2012]). It is the insured's burden to show the reasonableness of such excuse (*see Great Canal Realty Corp. v Seneca Ins. Co.*, 5 NY3d at 744; *White v City of New York*, 81 NY2d at 957).

Here, Mt. Hawley established its prima facie entitlement to judgment as a matter of law by demonstrating that Bowne did not provide notice of the accident until approximately three years after it occurred (*see Utica First Ins. Co. v Vazquez*, 92 AD3d at 867; *Tower Ins. Co. of N.Y. v Alvarado*, 84 AD3d 1354, 1355-1356 [2011]; *Hanover Ins. Co. v Prakin*, 81 AD3d 778, 780 [2011]; *Lobosco v Best Buy, Inc.*, 80 AD3d 728, 731-732 [2011]).

In opposition, Bowne raised a triable issue of fact as to whether the delay in giving notice was reasonable. In this regard, Bowne submitted the affidavits of its manager and director of operations, both of whom stated that they did not know about the accident until they received the summons and complaint (*see Utica First Ins. Co. v Vazquez*, 92 AD3d at 867; *Ruiz v Griffin*, 71 AD3d 1112, 1115 [2010]). Contrary to the Supreme Court's determination, the translated transcript of a taped conversation between Bowne's building superintendent and an investigator for Mt. Hawley, which was not verified or certified, was inadmissible and, in any event, did not conclusively resolve the issue of when Bowne first acquired knowledge of the accident (*see Garcia v Lenox Hill Florist III, Inc.*, 120 AD3d 1296, 1297 [2014]; *Spodek v Feibusch*, 267 AD2d 299, 300 [1999]; *Dan's Supreme Supermarkets v Redmont Realty Co.*, 261 AD2d 353, 354 [1999]).

Mt. Hawley's remaining contentions are either without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court should have denied Mt. Hawley's motion for summary judgment. Dillon, J.P., Chambers, Hinds-Radix and Brathwaite Nelson, JJ., concur.