■ St. James Mechanical, Inc., Appellant, v Royal & Sunalliance et al., Respondents. [845 NYS2d 83]—

In an action, inter alia, for a judgment declaring that the defendants are obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled *Freehill v ITT Sheraton Corp.*, pending in the Supreme Court, Queens County, under index No. 24232/97, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Werner, J.), entered December 23, 2005, as granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' cross motion for summary judgment dismissing the complaint is denied.

In May 1996 the ITT Sheraton Corp. (hereinafter the Sheraton) hired the plaintiff, St. James Mechanical, Inc. (hereinafter St. James), to renovate the ventilation system in the sub-cellar of the Sheraton New York Hotel & Towers located at 811 Seventh Avenue in Manhattan. On July 25, 1996, a worker employed by Budd Contracting Corp. (hereinafter Budd) fell off a ladder atop a scaffold while he was removing the curtain wall in a garage to accommodate the new exhaust system. At the time of the accident, St. James was insured by the defendant Royal Insurance Company (hereinafter Royal) under a commercial general liability policy that required the insured to provide notice "as soon as practicable" of an occurrence that may result in a claim.

Although Budd's employee sued the Sheraton in October 1997

to recover damages for the injuries he allegedly sustained as a result of the accident, he did not name St. James as a defendant until he filed an amended complaint in August 1998. Upon receiving the amended complaint, St. James notified Royal, which subsequently disclaimed coverage on the ground that St. James failed to provide it with notice of the accident as soon as practicable.

St. James commenced the present action against Royal and an affiliated insurance carrier for a judgment declaring that they were obligated to defend and indemnify it in the underlying personal injury action brought by Budd's employee. When St. James moved for summary judgment in its favor, the insurance carriers cross-moved for summary judgment.

An insurance carrier is not obligated to pay for a loss if the insured does not provide timely notice of the underlying occurrence (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]). In general, the insured's failure to comply with the requirement in an insurance policy that it give notice as soon as practicable of an incident that may result in a claim constitutes a failure to satisfy a condition precedent which vitiates the policy (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *White v City of New York*, 81 NY2d 955, 957 [1993]; *Deso v London & Lancashire Indem. Co. of Am.*, 3 NY2d 127, 129 [1957]; *Brennan Bros. Co., Inc. v Lumbermens Mut. Cas. Co.*, 14 AD3d 525, 526 [2005]).

The courts have recognized, however, that there may be circumstances where the insured's failure to give timely notice is excusable, such as where the insured does not know about the accident or has a good faith belief in nonliability (*see Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d at 441). The insured's belief in nonliability "must be reasonable under all the circumstances, and it may be relevant on the issue of reasonableness, whether and to what extent, the insured inquired into the circumstances of the accident or occurrence" (*id.*).

As a general rule, where notice is required, the insured bears the burden of proving that there was a reasonable excuse for the delay in giving notice (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 744; *Felix v Pinewood Bldrs., Inc.*, 30 AD3d 459, 461 [2006]). Ordinarily, the question of whether the insured had a good-faith belief in nonliability, and whether that belief was reasonable, presents an issue of fact and not one of law (*see Genova v Regal Mar. Indus.*, 309 AD2d 733 [2003]; *Mobile Home Estates v Preferred Mut. Ins. Co.*, 105 AD2d 883, 884 [1984]). It is only when the facts are undisputed and not subject to conflicting inferences that the issue can be decided as

a matter of law (*see Greenwich Bank v Hartford Fire Ins. Co.*, 250 NY 116, 131 [1928]; *SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583, 584 [1998]).

In the present case, the insurance carriers made a prima facie showing of entitlement to judgment as a matter of law based on St. James's two-year delay in reporting the underlying accident. However, St. James raised a triable issue of fact as to whether the delay was reasonably based on a good faith belief in nonliability. Under these circumstances, the Supreme Court should not have granted the insurance carriers' cross motion for summary judgment (*see Jordan Constr. Prods. Corp. v Travelers Indem. Co. of Am.*, 14 AD3d 655, 656 [2005]; *Blue Ridge Ins. Co. v Jiminez*, 7 AD3d 652, 653 [2004]; *Genova v Regal Mar. Indus.*, 309 AD2d at 734; *G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co.*, 215 AD2d 821, 822 [1995]; *Triantafillou v Colonial Coop. Ins. Co.*, 178 AD2d 925, 926-927 [1991]). Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.