■ AVERY & AVERY, P.C., Respondent-Appellant, v AMERICAN INSURANCE COMPANY, Appellant-Respondent. [858 NYS2d 319]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Verrone v Maryard Realty, Inc.,* pending in the Supreme Court, Kings County, under index No. 13056/05, the defendant appeals from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated October 26, 2006, as denied its motion for summary judgment declaring that it is not so obligated, and the plaintiff cross-appeals from so much of the same order as denied its cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, the defendant's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action entitled *Verrone v Maryard Realty, Inc.,* pending in the Supreme Court, Kings County, under index No. 13056/05; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff leases the premises where the accident occurred from the landowner, an out-of-possession landlord. The subject premises are used as an office building. On March 2, 2004, Basile Verrone, a client of the plaintiff's subtenant, fell as he descended the steps from the second floor to the first floor of the subject premises. The plaintiff's principal was present in the building at the time of the accident, and Verrone said something to her about the "bannister not going down to the bottom." Verrone was removed from the building by paramedics. A few weeks later, the plaintiff's employee learned that Verrone had died. The plaintiff's principal further acknowledged that she was aware that Verrone's nephew came to the premises to take photographs of the scene of the accident and that his family was "exploring the possibility of a claim."

On or about July 2, 2004, an attorney retained to pursue a claim on behalf of Verrone's estate with respect to the accident notified the landowner of the subject accident and advised the

landowner to notify its insurance carrier. On or about August 10, 2004, the plaintiff's insurance broker forwarded a notice of the claim to the defendant, the plaintiff's insurance carrier.

On August 17, 2004, an insurance adjuster for the defendant telephoned the plaintiff's principal. In his affidavit, the adjuster claimed that the plaintiff's principal informed him that Verrone's nephew came to the premises to take pictures a few days after the accident. The plaintiff's principal does not deny this assertion.

On or about September 10, 2004, the defendant disclaimed coverage on the ground that it did not receive timely notice of the claim.

In this action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an action brought by the administrator of Verrone's estate to recover damages, inter alia, for personal injuries and wrongful death, the defendant moved for summary judgment on the ground that the plaintiff failed to notify it of the claim as soon as practicable. The plaintiff cross-moved for summary judgment, claiming it had a reasonable belief in nonliability. The Supreme Court denied both the motion and the cross motion, finding the existence of issues of fact. We reverse the order insofar as appealed from by the defendant.

Where, as in this case, the insurance policy requires that notice of the claim be given to the carrier as soon as practicable, compliance with that provision is a condition precedent to coverage. If the insured did not know about the accident, or had a "reasonable belief in nonliability," a delay in giving notice will be excused (*White v City of New York,* 81 NY2d 955, 957 [1993]). However, the insured has the burden of showing the reasonableness of the excuse (*id.*). The issue is whether the insured had a reasonable basis for a belief that no claim would be asserted against it (*see SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.,* 253 AD2d 583 [1998]; *accord Genova v Regal Mar. Indus.,* 309 AD2d 733 [2003]).

Here, the defendant established, as a matter of law, that the plaintiff did not have a reasonable belief that no claim would be asserted against it. The plaintiff had possession of the building, knew of the accident and that injuries were sustained on the day the accident occurred, and knew, within days of the accident, that Verrone's family was contemplating a claim. The delay of more than four months in notifying the defendant of the claim was unreasonable as a matter of law (*see Evangelos Car Wash, Inc. v Utica First Ins. Co.,* 45 AD3d 727 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff asserts that the underlying action has no merit. However, at issue here is not whether the plaintiff reasonably believed that any claim brought by Verrone or on his behalf would lack merit. Rather, the issue is whether the plaintiff reasonably believed that no claim would be asserted against it (*see SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.,* 253 AD2d 583 [1998]; *accord Genova v Regal Mar. Indus.,* 309 AD2d 733 [2003]). Accordingly, the defendant properly disclaimed coverage, and the Supreme Court should have granted the defendant's motion for summary judgment. Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Miller, J.P., Dillon, McCarthy and Chambers, JJ., concur.