■ BAUERSCHMIDT & SONS, INC., Respondent, v NOVA CASUALTY COMPANY, Appellant. [893 NYS2d 181]—

Where, as here, a policy of liability insurance requires that notice of an occurrence be given "as soon as practicable," such notice must be accorded to the carrier within a reasonable period of time (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.,* 5 NY3d 742, 743 [2005]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441 [1972]). However, there may be circumstances where the insured's failure to give timely notice is excusable, such as where the insured has a good-faith belief in nonliability (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d at 441). The insured bears the burden of establishing the reasonableness of the proffered excuse (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.,* 5 NY3d at 744). "Ordinarily, the question of whether the insured had a good faith belief in nonliability, and whether that belief was reasonable, presents an issue of fact and not one of law" (*St. James Mech., Inc. v Royal & Sunalliance,* 44 AD3d 1030, 1031 [2007]; *see Hermitage Ins. Co. v Arm-ing, Inc.,* 46 AD3d 620, 621 [2007]; *Hudson City School Dist. v Utica Mut. Ins. Co.,* 241 AD2d 641, 642 [1997]; *Kim v Maher,* 226 AD2d 350 [1996]; *G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co.,* 215 AD2d 821, 822-823 [1995]).

Here, the defendant made a prima facie showing of entitlement to judgment as a matter of law based on the plaintiff's approximately four-month delay in notifying the defendant of the underlying incident (*see Avery & Avery, P.C. v American Ins. Co.,* 51 AD3d 695, 697-698 [2008]). In opposition, the plaintiff raised a triable issue of fact as to whether the delay was reasonably based on a good-faith belief of nonliability (*see St. James Mech., Inc. v Royal & Sunalliance,* 44 AD3d at 1031). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment. Rivera, J.P., Leventhal, Belen and Austin, JJ., concur.