10-4276-cv
Rockland Exposition, Inc. v. Great American Assurance Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand eleven.

PRESENT:
        AMALYA L. KEARSE,
        PIERRE N. LEVAL,
        DENNY CHIN,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - -x

ROCKLAND EXPOSITION, INC.,
        Plaintiff-Appellant,

        -v.-                          10-4276-cv

GREAT AMERICAN ASSURANCE COMPANY,
        Defendant-Appellee.

- - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:        KELLY M. MORRISON, JEROLD OSHINSKY,
                                JEAN M. DOHERTY, Jenner & Block
                                LLP, Los Angeles, California.


FOR DEFENDANT-APPELLEE:         JEFFREY J. IMERI, Marshall,
                                Dennehey, Warner, Coleman & Goggin,
                                New York, New York.

Appeal from the United States District Court for the Southern District of New York (Karas, <u>J.</u>).

**UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Rockland Exposition appeals from the district court's judgment entered September 29, 2010, dismissing its complaint. The judgment was entered pursuant to a September 29, 2010 Opinion and Order denying Rockland's motion for partial summary judgment and granting Great American's cross-motion for summary judgment, rejecting Rockland's demand for a declaratory judgment that Great American is obligated to defend Rockland in a lawsuit filed against it by the Association of Automobile Service Providers ("AASP"). <u>Rockland Exposition, Inc. v. Great Am. Assurance Co.</u>, 746 F. Supp. 2d 528 (S.D.N.Y. 2010).

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's grant of summary judgment <u>de novo</u>. <u>See</u> <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 300 (2d Cir.), <u>cert. denied</u>, 540 U.S. 823 (2003). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>see</u> <u>Anemone v. Metro. Transp. Auth.</u>, 629 F.3d 97, 113 (2d Cir. 2011). In determining whether genuine issues of material fact exist, we must "resolve all ambiguities and draw all permissible

-2-

factual inferences in favor of the party against whom summary judgment is sought."  Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

We have conducted an independent review of the record in light of these principles, and affirm the district court's grant of summary judgment.

The district court correctly concluded that, as a matter of law, Rockland did not timely comply with the policy's notice requirements.  This is true for several reasons, of which the clearest is the following:  The policy unambiguously provided that the insured "must . . . [i]mmediately send [the insurer] copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit.'"  (Section IV(2)(c)).  It is undisputed that Rockland waited a minimum of three months before it sent copies of the legal papers it had received in connection with AASP's suit to either Marshall & Sterling, its insurance broker, or to Great American.  As a matter of law, this three-month delay did not comply with the requirement to send the papers "immediately."  See Mighty Midgets, Inc. v. Centennial Ins. Co., 47 N.Y.2d 12, 19 (1979) (explaining that "immediate" is a stricter requirement than "as soon as practicable"); Am. Ins. Co. v. Fairchild Indus., Inc., 56 F.3d 435, 440 (2d Cir. 1995) (noting that under New York law,

"delays for one or two months are routinely held" to violate the requirement that notice be given as soon as practicable).[1]

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, CLERK

---

[1]     In July 2008, New York Insurance Law § 3420 was amended to prohibit insurers from denying claims as untimely unless the failure to provide timely notice prejudiced the insurer.  N.Y. Ins. Law § 3420(a)(5).  This provision, however, only applies to policies issued after January 17, 2009.  See 2008 N.Y. Sess. Laws 388 (McKinney).  It is undisputed that Rockland's policy was issued before that date.