■ GUIDEONE INSURANCE COMPANY, Appellant, v DARKEI NOAM RABBINICAL COLLEGE et al., Respondents, et al., Defendant. [992 NYS2d 66]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants Darkei Noam Rabbinical College, Darkei Noam, Inc., Keren Hachesed, and Keren Hachesed, Inc., in the underlying personal injury actions entitled *Sigler v Keren Hachesed, Inc.*, commenced in the Supreme Court, Kings County, under index No. 6573/06, and *Sigler v Yeshiva Darkei Noam*, commenced in the Supreme Court, Kings County, under index No. 35344/07, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated September 27, 2012, which denied its motion for summary judgment declaring that it is not so obligated and granted the cross motion of the defendants Darkei Noam Rabbinical College, Darkei Noam, Inc., Keren Hachesed, and Keren Hachesed, Inc., for summary judgment declaring that the plaintiff is so obligated.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment declaring that it is not obligated to defend or indemnify the defendants Darkei Noam

Rabbinical College, Darkei Noam, Inc., Keren Hachesed, and Keren Hachesed, Inc., in the underlying actions is granted, the cross motion of the defendants Darkei Noam Rabbinical College, Darkei Noam, Inc., Keren Hachesed, and Keren Hachesed, Inc., for summary judgment is denied, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff is not so obligated.

On July 25, 2005, David Sigler allegedly was injured when he slipped and fell on property owned by the defendants Keren Hachesed and Keren Hachesed, Inc. (hereinafter together the Keren Hachesed defendants). The defendants Darkei Noam Rabbinical College and Darkei Noam, Inc. (hereinafter together the Darkei Noam defendants), leased that property to operate a synagogue and rabbinical college. By September or October 2005, the Darkei Noam defendants learned that someone had fallen in the synagogue, but did not investigate further. On June 6, 2006, a few days after the Darkei Noam defendants learned of Sigler's personal injury action against the Keren Hachesed defendants, the Darkei Noam defendants notified their liability insurance carrier, the plaintiff Guideone Insurance Company, of the underlying incident. After investigating the delay in notice, the plaintiff disclaimed coverage for the loss, citing the Darkei Noam defendants' late notice of the occurrence in violation of the insurance policy. The Darkei Noam defendants contested the disclaimer. Thereafter, the plaintiff commenced this action for a judgment declaring that it is not obligated to defend or indemnify the Darkei Noam defendants or the Keren Hachesed defendants. The Supreme Court denied the plaintiff's motion for summary judgment and granted the cross motion of the Darkei Noam defendants and the Keren Hachesed defendants for summary judgment declaring that the plaintiff is obligated to defend and indemnify them. The plaintiff appeals.

Where, as here, a policy of liability insurance requires the insured to provide notice of an occurrence "as soon as practicable," notice must be given "within a reasonable time under all the circumstances" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972] [internal quotation marks omitted]; *see Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 19 [1979]; *Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d 689, 689 [2009]). Here, the subject policy was issued in 2004, and therefore, is not governed by the 2008 amendment to Insurance Law § 3420 (for policies issued after January 17, 2009), which provides that an insurer can only disclaim coverage based on untimely notice if it shows that it was prejudiced

by the failure to provide timely notice (*see* Insurance Law § 3420 [c] [2] [A]; *see also Zimmerman v Peerless Ins. Co.*, 85 AD3d 1021, 1023 [2011]). An insured's failure to satisfy the insurance policy's notice requirement constitutes "a failure to comply with a condition precedent which, as a matter of law, vitiates the contract" (*Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *White v City of New York*, 81 NY2d 955, 957 [1993]; *McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co.*, 79 AD3d 981, 983 [2010]).

Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law with evidence that the Darkei Noam defendants learned of the underlying incident in September or October 2005, but waited until June 2006, approximately nine months later, to notify the plaintiff (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742 [2005]; *Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 750 [1995]; *Albano-Plotkin v Travelers Ins. Co.*, 101 AD3d 657 [2012]; *Columbia Univ. Press, Inc. v Travelers Indem. Co. of Am.*, 89 AD3d 667 [2011]). In opposition, the Darkei Noam defendants failed to raise a triable issue of fact as to whether their failure to investigate the underlying incident in September or October 2005 was reasonable, or to otherwise demonstrate a good faith belief in nonliability (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436 [1972]; *Lancer Ins. Co. v Super Value, Inc.*, 96 AD3d 807 [2012]; *Fine Line Bldrs. & Remodelers, Inc. v Atlantic Cas. Ins. Co.*, 90 AD3d 702 [2011]).

Contrary to the contention of the Darkei Noam defendants and the Keren Hachesed defendants, the plaintiff's short delay in disclaiming coverage was reasonable under the circumstances. While Insurance Law § 3420 (d) (2) requires an insurer to give written notice of a disclaimer of coverage "as soon as is reasonably possible" (Insurance Law § 3420 [d] [2]; *see Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979]), an investigation into issues affecting the decision whether to disclaim coverage may excuse delay (*see Quincy Mut. Fire Ins. Co. v Enoe*, 107 AD3d 775, 776 [2013]). The insurer bears the burden of explaining the delay in notifying the insured of the disclaimer (*see id.* at 776). Here, the plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that it sent a disclaimer only 24 days after receiving notice of the underlying incident and, during those 24 days, it diligently investigated the possibility of a disclaimer based on the Darkei Noam defendants' untimely notice. In opposition, the insureds, the Darkei Noam defendants, failed to

raise a triable issue of fact as to the timeliness of the disclaimer (*see id.*). Therefore, the plaintiff's notice of disclaimer was timely as a matter of law.

Moreover, the plaintiff correctly contends that the Keren Hachesed defendants are not a named insured or additional insured under the Darkei Noam defendants' insurance policy (*see Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc.*, 16 NY3d 257 [2011]; *Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 5 NY3d 157 [2005]). Accordingly, the plaintiff is not obligated to defend or indemnify the Keren Hachesed defendants.

Because this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the Darkei Noam defendants or the Keren Hachesed defendants in the underlying actions (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Rivera, J.P., Balkin, Chambers and Miller, JJ., concur.