■ INTEGRATED CONSTRUCTION SERVICES, INC., Respondent, v SCOTTSDALE INSURANCE COMPANY, Appellant. [999 NYS2d 92]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify Integrated Construction Services, Inc., in an underlying personal injury action entitled *Bonaerge v Leighton House Condominium*, pending in the Supreme Court, Bronx County, under index No. 306511/09, the defendant appeals from an order of the Supreme Court, Suffolk

County (Molia, J.), dated September 16, 2013, which denied its motion for summary judgment declaring that it is not so obligated.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action for a judgment declaring that, pursuant to a general liability policy issued to it by the defendant, the defendant is obligated to defend and indemnify it in an underlying personal injury action. The defendant moved for summary judgment declaring that it is not so obligated on the ground that it properly disclaimed coverage due to the plaintiff's failure, in violation of the subject policy, to provide it with notice of the occurrence as soon as practicable. The Supreme Court denied the motion.

"A provision that notice be given, 'as soon as practicable' after an accident or occurrence, merely requires that notice be given within a reasonable time under all the circumstances" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]; *see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]). An insured's failure to provide the insurer notice within a reasonable period of time constitutes "a failure to comply with a condition precedent which, as a matter of law, vitiates the contract" (*Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743).

However, there may be circumstances that will explain or excuse a delay in giving notice and show it to be reasonable, such as an insured's "good-faith belief of nonliability" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 441; *see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743; *St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d 1030, 1031 [2007]). The insured's belief of nonliability "must be reasonable under all the circumstances, and it may be relevant on the issue of reasonableness, whether and to what extent, the insured has inquired into the circumstances of the accident or occurrence" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 441; *see White v City of New York*, 81 NY2d 955, 958 [1993]). "Ordinarily, the question of whether the insured had a good-faith belief in nonliability, and whether that belief was reasonable, presents an issue of fact and not one of law" (*St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d at 1031; *see Columbia Univ. Press, Inc. v Travelers Indem. Co. of Am.*, 89 AD3d 667, 667 [2011]; *25th Ave., LLC v Delos Ins. Co.*, 84 AD3d 781, 783 [2011]; *Bauerschmidt & Sons, Inc. v Nova Cas. Co.*, 69 AD3d 668, 669 [2010]). "It is only when the facts are undisputed and not subject to conflicting inferences that the

issue can be decided as a matter of law" (*St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d at 1031; *see Greenwich Bank v Hartford Fire Ins. Co.*, 250 NY 116, 131 [1928]).

Here, the defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law. The defendant's submissions demonstrated the existence of triable issues of fact as to whether the plaintiff had a good faith belief in nonliability, and whether that belief was reasonable (*see Columbia Univ. Press, Inc. v Travelers Indem. Co. of Am.*, 89 AD3d at 667; *25th Ave., LLC v Delos Ins. Co.*, 84 AD3d at 783; *Bauerschmidt & Sons, Inc. v Nova Cas. Co.*, 69 AD3d at 669; *St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d at 1031). Furthermore, to the extent that the delay was not attributable to the asserted good-faith belief in nonliability, the defendant's submissions demonstrated that a triable issue of fact exists as to whether the plaintiff provided the defendant with notice "within a reasonable time under all the circumstances" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 441; *see generally Prince Seating Corp. v QBE Ins. Co.*, 99 AD3d 881, 882 [2012]). Accordingly, the defendant's motion for summary judgment was properly denied, without regard to the sufficiency of the papers submitted in opposition thereto (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Roman, Miller and Maltese, JJ., concur.