In an action to recover damages for breach of contract, negligence, and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), entered March 17, 2014, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff, Rockland Exposition, Inc. (hereinafter REI), is in the business of managing trade shows, primarily for the automotive industry. Nonparty Great American Assurance Company (hereinafter Great American) issued a primary commercial general liability policy to REI, which was procured by the defendants, REI’s insurance brokers. The policy provided coverage for “personal and advertising injury” up to $1,000,000 per occurrence. It also provided that Great American had a duty to defend REI in an action to recover damages covered by the policy. As relevant here, the policy obligated REI to notify Great American “as soon as practicable of an occurrence or offense which may result in a claim.” Further, in the event a claim or suit was commenced against REI, the policy obligated REI to notify Great American in writing “as soon as practicable,” and “[i] immediately send [Great American] copies of any demands, notices, summonses or legal papers received in connection with the claim or ‘suit.’ ”
It is undisputed that during the policy period, on June 27, 2008, REI received a letter from an attorney representing the Association of Automotive Service Providers of New Jersey (hereinafter AASP), stating that AASP had commenced an action against REI on June 25, 2008, in federal court (hereinafter the AASP action). The complaint in the AASP action alleged that REI, which had in the past contracted with AASP to run an annual trade show, had begun running advertisements for its own competing trade show, and had, inter alia, infringed on AASP’s trademark in its advertisement. REI was served with the summons and complaint in the AASP action on July 11, 2008.
*1096 It is further undisputed that REI did not notify the defendants of the AASP action until August 18 or 19, 2008. In September 2008, REI provided the defendants with a copy of the summons and complaint in the AASP action. On October 1, 2008, the defendants submitted REI’s claim to Great American. By letter dated October 29, 2008, Great American denied coverage based upon, inter alia, REI’s breach of the policy’s notice provisions.
REI commenced an action against Great American in the United States District Court for the Southern District of New York, seeking a declaration that Great American was obligated to pay REI’s legal fees and costs in the AASP action. The District Court granted Great American’s motion for summary judgment dismissing the complaint, finding that REI’s failure to provide Great American with timely notice of AASP’s claim and the AASP action vitiated coverage (see Rockland Exposition, Inc. v Great Am. Assur. Co., 746 F Supp 2d 528 [SD NY 2010]). The United States Court of Appeals for the Second Circuit affirmed (see Rockland Exposition, Inc. v Great Am. Assur. Co., 445 Fed Appx 387 [2d Cir 2011]).
While REI’s appeal before the Second Circuit was pending, REI commenced this action against the defendants seeking damages for breach of contract, negligence, and breach of fiduciary duty. REI alleged, inter alia, that the defendants failed to properly process REI’s claim and/or provide Great American with timely notice of its claim, thereby depriving REI of the benefit of insurance coverage for which it had paid substantial premiums.
The defendants moved for summary judgment dismissing the complaint on the ground that REI had already breached the notice provisions of the policy, thereby vitiating coverage, by the time it notified the defendants of the AASP action on August 18 or 19, 2008. The defendants argued that, as such, any actions they took in processing the claim could not have been the proximate cause of REI’s alleged damages. The Supreme Court granted the defendants’ motion, and REI appeals.
Where an insurance policy requires an insured to provide notice “ ‘as soon as practicable,’ such notice must be accorded the carrier within a reasonable period of time. The insured’s failure to satisfy the notice requirement constitutes a failure to comply with a condition precedent which, as a matter of law, vitiates the contract” (Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743 [2005] [internal quotation marks and citation omitted]; see Security Mut. Ins. Co. of N.Y. v Acker- *1097 Fitzsimons Corp., 31 NY2d 436, 441 [1972]; Integrated Constr. Servs., Inc. v Scottsdale Ins. Co., 123 AD3d 770, 771 [2014]; Guideone Ins. Co. v Darkei Noam Rabbinical Coll., 120 AD3d 625, 626 [2014]). “[T]here may be circumstances that excuse a failure to give timely notice, such as where the insured has ‘a good-faith belief of nonliability,’ provided that belief is reasonable” (Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d at 743, quoting Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., 31 NY2d at 441; see White v City of New York, 81 NY2d 955, 957 [1993]; Integrated Constr. Servs., Inc. v Scottsdale Ins. Co., 123 AD3d 770, 771 [2014]; Guideone Ins. Co. v Darkei Noam Rabbinical Coll., 120 AD3d 625, 627 [2014]). It is the insured’s burden to demonstrate the reasonableness of the excuse (see Great Canal Realty Corp. v Seneca Ins. Co., 5 NY3d at 744; White v City of New York, 81 NY2d at 957; Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., 31 NY2d at 441; Bigman Bros., Inc. v QBE Ins. Corp., 73 AD3d 1110, 1111 [2010]; Ponok Realty Corp. v United Natl. Specialty Ins. Co., 69 AD3d 596, 597 [2010]; Genova v Regal Mar. Indus., 309 AD2d 733, 734 [2003]). “Ordinarily, the question of whether the insured had a good-faith belief in nonliability, and whether that belief was reasonable, presents an issue of fact and not one of law” (St. James Mech., Inc. v Royal & Sunalliance, 44 AD3d 1030, 1031 [2007]; see Chiarello v Rio, 101 AD3d 793, 795 [2012]). “Nevertheless, the issue of whether an insured’s excuse for the delay is reasonable ‘may be determined as a matter of law where the evidence, construing all inferences in favor of the insured, establishes that the belief was unreasonable or in bad faith’ ” (Tower Ins. Co. of N.Y. v Alvarado, 84 AD3d 1354, 1355 [2011], quoting McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co., 79 AD3d 981, 983 [2010]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by establishing that REI did not notify them of AASP’s action until 52 days after it was first notified that AASP had commenced the action, and by establishing that REI’s 52-day delay, if unexcused, was unreasonable as a matter of law (see Deso v London & Lancashire Indem. Co. of Am., 3 NY2d 127 [1957]; Rushing v Commercial Cas. Ins. Co., 251 NY 302, 304 [1929]; Steinberg v Hermitage Ins. Co., 26 AD3d 426, 428 [2006]; Horowitz v Transamerica Ins. Co., 257 AD2d 560 [1999]; Safer v Government Empls. Ins. Co., 254 AD2d 344 [1998]; Winstead v Uniondale Union Free School Dist., 201 AD2d 721, 723 [1994]; Republic N.Y. Corp. v American Home Assur. Co., 125 AD2d 247 [1986]; Matter of Government Empls. Ins. Co. v Elman, 40 AD2d 994, 994 [1972]). In opposition, construing all inferences *1098 in REI’s favor, REI failed to raise a triable issue of fact as to whether it had a reasonable excuse for the 52-day delay. In this regard, REI proffered two excuses: (1) that it was unable to understand the complicated language of the policy so as to ascertain whether coverage was available, and (2) that it had a good faith belief in nonliability which was premised upon the advice of its attorneys.
As to the first excuse, “[i]t is true that a justifiable lack of knowledge of insurance coverage may excuse a delay in reporting an occurrence. However, in order to prevail on this theory, the insured . . . must prove not only that [it] was ignorant of the available coverage, but also that [it] made reasonably diligent efforts to ascertain whether coverage existed” (Winstead, v Uniondale Union Free School Dist., 201 AD2d at 723 [citations omitted]). Here, while REI alleged that it consulted with attorneys about its potential liability in the AASP action, it did not allege that it made any effort to inquire as to the possibility of coverage in connection with the AASP action during the 52-day period.
As to the second excuse, we agree with REI that the Supreme Court erroneously determined that REI was precluded by the doctrine of collateral estoppel from arguing that its good faith belief in nonliability excused the 52-day delay. Contrary to the defendants’ contention, since the Second Circuit did not rule on this specific issue in the AASP action, REI is not precluded from raising it in this action (see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195 [2008]; Sabbatini v Galati, 43 AD3d 1136, 1139 [2007]). However, we find that, as a matter of law, the excuse is not reasonable under the circumstances of this case. The policy provided that in the event a claim or suit was brought against REI, REI must notify Great American in writing “as soon as practicable” and “[immediately send [Great American] copies of any demands, notices, summonses or legal papers received in connection with the claim or ‘suit.’ ” While REI may have had a good faith belief that it would not be liable to AASP, what is “ [a] t issue is not whether the insured believes he [or she] will ultimately be found liable for the injury, but whether he [or she] has a reasonable basis for a belief that no claim will be asserted against him [or her]” (SSBSS Realty Corp. v Public Serv. Mut. Ins. Co., 253 AD2d 583, 584 [1998]; see Avery & Avery, P.C. v American Ins. Co., 51 AD3d 695, 697 [2008]; Genova v Regal Mar. Indus., 309 AD2d 733, 734 [2003]). By June 27, 2008, REI had no basis upon which to believe that a claim would not be asserted against it because it was aware that AASP had already filed an action against it in federal *1099 court. Yet, REI waited at least 52 days to notify the defendants of that action. While REI may have believed that it would not he held liable, this belief would not, under the circumstances of this case, excuse a 52-day delay in notifying Great American that the action had been filed against it. Since REI failed to raise a triable issue of fact as to whether any further delay caused by the defendants in notifying Great American of the action/claim was a proximate cause of REI’s injuries, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint.
Mastro, J.P., Dillon, Hinds-Radix and Maltese, JJ., concur.