■ MIN LING TANG, Respondent, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant. [49 NYS3d 636]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Koh v Tang*, commenced in the Supreme Court, Kings County, under Index No. 23757/08, the defendant appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated June 26, 2015, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

Where, as here, a policy of liability insurance requires that notice of an occurrence be given as soon as practicable, such notice must be given to the carrier within a reasonable period of time (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]). However, the insured's failure to give timely notice may be excused if the insured has a good-faith belief in nonliability, provided that belief is reasonable (*see id.*). The insured bears the burden of establishing the reasonableness of the proffered excuse (*see id.* at 744). "Ordinarily, the question of whether the insured had a good-faith belief in nonliability, and whether that belief was reasonable, presents an issue of fact and not one of law" (*St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d 1030, 1031 [2007]).

Here, the defendant made a prima facie showing of entitlement to judgment as a matter of law based on the plaintiff's approximately two-year delay in notifying it of the underlying incident (*see id.* at 1032). In opposition, however, the plaintiff raised a triable issue of fact as to whether the delay was reasonably based on a good-faith belief in nonliability (*see id.*).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment. Leventhal, J.P., Sgroi, Hinds-Radix and LaSalle, JJ., concur.