■ DEORAJ RAMLOCHAN, Individually and as Administrator of the Estate of KARISHMA RAMLOCHAN, Deceased, Appellant, v SCOTTSDALE INSURANCE COMPANY, Respondent. [55 NYS3d 369]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured, and for a judgment declaring that the defendant is obligated to satisfy the judgment, the plaintiff appeals from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated April 6, 2015, which denied his motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment declaring that it has no obligation to satisfy the judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant has no duty to satisfy the judgment in the underlying action entitled *Ramlochan v Sweet P. Home Care, Inc.*, commenced in that court under index No. 24016/09.

Where an insurance policy requires that notice of an occurrence be given "as soon as practicable," notice must be given within a reasonable time in view of all of the circumstances (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *Aspen Ins. UK Ltd. v Nieto*, 137 AD3d 720, 720 [2016]; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d 596, 597 [2010]; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.*, 40 AD3d 719, 721 [2007]). "The insured's failure to satisfy the notice requirement constitutes 'a failure to comply with a condition precedent which, as a matter of law, vitiates the contract' " (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743, quoting *Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *see Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d 689, 689 [2009]). "However, circumstances may exist that will excuse or explain the insured's delay in giving notice, such as a reasonable belief in nonliability" (*Genova v Regal Mar. Indus.*, 309 AD2d 733, 734 [2003]; *see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743-744; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.*, 1 AD3d 304, 305 [2003]). It is the insured's burden to demonstrate the reasonableness of the excuse (*see Bigman Bros., Inc. v QBE Ins. Corp.*, 73 AD3d 1110, 1111 [2010]; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *Genova v Regal Mar. Indus.*, 309 AD2d at 734).

Here, the defendant Scottsdale Insurance Company (hereinafter Scottsdale) established its prima facie entitlement to judgment as a matter of law. Scottsdale demonstrated that its insured knew of the occurrence immediately and received a letter of representation from the plaintiff's attorney in June 2008, but waited until September 25, 2009, to notify Scottsdale (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743; *Guideone Ins. Co. v Darkei Noam Rabbinical Coll.*, 120 AD3d 625, 627 [2014]). Since the subject policy was issued prior to the amendment to Insurance Law § 3420, Scottsdale was not required to show that it was prejudiced by the failure to give timely notice in order to satisfy its prima facie burden (*see Briggs Ave. LLC v Insurance Corp. of Hannover*, 11 NY3d 377, 381 [2008]; *Kraemer Bldg. Corp. v Scottsdale Ins. Co.*, 136 AD3d 1205, 1207 [2016]; *AH Prop., LLC v New Hampshire Ins. Co.*, 95 AD3d 1243, 1245 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the insured's delay in notifying Scottsdale was reasonable based upon its good faith belief in nonliability (*see Donovan v Empire Ins. Group*, 49 AD3d 589, 591 [2008]).

Moreover, contrary to the plaintiff's contention, Scottsdale demonstrated, prima facie, that its delay in disclaiming coverage was reasonable under the circumstances. While Insurance Law § 3420 (d) (2) requires an insurer to give written notice of a disclaimer of coverage "as soon as is reasonably possible" (*see Guideone Ins. Co. v Darkei Noam Rabbinical Coll.*, 120 AD3d at 627), an investigation into issues affecting the decision whether to disclaim may excuse a delay (*see Magistro v Buttered Bagel, Inc.*, 79 AD3d 822, 824-825 [2010]; *Hermitage Ins. Co. v Arm-ing, Inc.*, 46 AD3d 620, 621 [2007]; *Tully Constr. Co., Inc. v TIG Ins. Co.*, 43 AD3d 1150, 1152 [2007]). Here, Scottsdale demonstrated that, under the circumstances of this case, its delay in issuing the disclaimer of coverage was reasonably related to the completion of a necessary, thorough, and diligent investigation into issues affecting its decision to disclaim (*see Magistro v Buttered Bagel, Inc.*, 79 AD3d at 824-825; *Hermitage Ins. Co. v Arm-ing, Inc.*, 46 AD3d at 621; *Tully Constr. Co., Inc. v TIG Ins. Co.*, 43 AD3d at 1153). In opposition, the plaintiff failed to raise a triable issue of fact as to the timeliness of the disclaimer. Thus, contrary to the plaintiff's contention, the Supreme Court properly determined that the disclaimer of coverage issued by Scottsdale was timely.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment and granted Scottsdale's cross motion for summary judgment. Since this is a declaratory

judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment declaring that Scottsdale has no duty to satisfy the judgment in the underlying action, entitled *Ramlochan v Sweet P. Home Care, Inc.*, commenced in that court under Index No. 24016/09 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Chambers, J.P., Austin, Roman and Barros, JJ., concur.