Adams v City of New York (2018 NY Slip Op 08619)





Adams v City of New York


2018 NY Slip Op 08619


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2015-10688
 (Index No. 2695/14)

[*1]Dwayne Adams, appellant, 
v
City of New York, et al., respondents.


Krentsel & Guzman, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Dona B. Morris of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, false imprisonment, and malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Queens County (Phyllis Orlikoff Flug, J.), entered September 2, 2015. The order granted the defendants' motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for leave to serve an amended notice of claim.
ORDERED that the order is affirmed, with costs.
The plaintiff was arrested after marijuana and what appeared to be a gun were recovered from his person. Thereafter, he served and filed a notice of claim and commenced this action to recover damages for false arrest, false imprisonment, and malicious prosecution.
A plaintiff cannot prevail on causes of action based upon false arrest, false imprisonment, and malicious prosecution if the police officers had probable cause to believe that he or she committed the underlying crime (see Rodgers v City of New York, 106 AD3d 1068, 1069; Whyte v City of Yonkers, 36 AD3d 799; Burns v City of New York, 17 AD3d 305). Probable cause requires only information sufficient to support a reasonable belief that an offense has been committed by the plaintiff (see People v Bigelow, 66 NY2d 417; Colon v City of New York, 60 NY2d 78, 82). "[P]robable cause must be determined from the sum of the information known to the police at the time of the warrantless arrest and without the benefit of hindsight" (People v Laskaris, 82 AD2d 34, 39). Here, the defendants made a prima facie showing of their entitlement to judgment as a matter of law dismissing the complaint. The recovery by the police from the plaintiff's person of what appeared to be a gun, and marijuana, provided the police with probable cause to believe that the plaintiff committed the crimes underlying his arrest and incarceration. In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
We also agree with the Supreme Court's determination denying the plaintiff's cross motion for leave to serve an amended notice of claim to add new injuries and theories of liability (see Robinson v City of New York, 138 AD3d 1093, 1094).
The plaintiff's remaining contentions are without merit or not properly before this Court.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court