Matter of Utica Natl. Ins. of Tex v Kassie (2022 NY Slip Op 00867)





Matter of Utica Natl. Ins. of Tex v Kassie


2022 NY Slip Op 00867


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2019-05176
 (Index No. 713427/17)

[*1]In the Matter of Utica National Insurance of Texas, respondent, 
v
Angela Kassie, appellant.


Richard S. Gershman & Assoc., P.C., Lake Success, NY, for appellant.
Dodge & Monroy, P.C., Lake Success, NY (Peter X. Dodge of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplemental underinsured motorist benefits, Angela Kassie appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated February 27, 2019. The order, after a framed-issue hearing, granted that branch of the petition which was to permanently stay arbitration.
ORDERED that the order is reversed, on the law, with costs, and that branch of the petition which was to permanently stay arbitration is denied.
The petitioner, Utica National Insurance of Texas (hereinafter Utica), commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplemental underinsured motorist (SUM) benefits on the ground that it had validly disclaimed coverage based on the failure of its insured, Angela Kassie, to give timely notice of the claim as required by the subject policy. After a framed-issued hearing to determine whether Utica had validly disclaimed coverage, the Supreme Court granted that branch of the petition which was to permanently stay arbitration. Kassie appeals.
In reviewing a determination made after a hearing, this Court's power is as broad as that of the hearing court, and this Court may render the judgment that it finds warranted by the facts, keeping in mind in a close case that the hearing court had the advantage of seeing the witnesses and hearing the testimony (see Matter of Nationwide Ins. Co. v Aquilla, 186 AD3d 830, 831). Here, the hearing court's determination that Utica validly disclaimed coverage is not supported by the evidence (see Matter of Nationwide Mut. Ins. Co. v Joseph-Sanders, 121 AD3d 1003, 1004).
To effectively disclaim coverage based on Kassie's failure to give timely notice of the SUM claim "[a]s soon as practicable," as required by the subject policy, Utica was required to give written notice of disclaimer "as soon as is reasonably possible" (Insurance Law § 3420[d][2]; see Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, 1029; Ramlochan v Scottsdale Ins. Co., 150 AD3d 1166, 1167). In addition, under the circumstances, Utica was required to demonstrate that it was prejudiced by the untimely notice of claim (see Insurance Law § 3420[a][5]; [c][2][A][i]; [C]; Slocum v Progressive Northwestern Ins. Co., 137 AD3d 1634, 1635; see also Hernandez Castillo v Prince Plaza, LLC, 142 AD3d 1127, 1129).
The "timeliness of an insurer's disclaimer is measured from the point in time when [*2]the insurer first learns of the grounds for disclaimer" (First. Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64, 68-69 [internal quotation marks omitted]). "An insurer who delays in giving written notice of disclaimer bears the burden of justifying the delay" (id. at 69; see Magistro v Buttered Bagel, Inc., 79 AD3d 822, 824).
Here, Utica first received notice of the SUM claim on May 5, 2017, just less than 23 months after the subject accident. Utica's representative testified at the hearing that, despite the apparent untimeliness of this notice, Utica did not disclaim coverage upon receiving the May 5, 2017 letter because it did not at that time face any specific deadline to take action, so it had not yet been prejudiced by the untimely notice. However, on June 26, 2017, Utica received a letter from Kassie requesting consent to settle with the tortfeasor. Utica was required to respond to the letter requesting consent to settle within 30 days (see Unitrin Direct Ins. Co. v Muriqi, 172 AD3d 1382, 1383). Utica's representative testified at the hearing that it disclaimed coverage after receiving the June 26, 2017 letter, since at that point it was prejudiced by the untimeliness of the notice of claim because it could not complete its investigation before the deadline to respond to the June 26, 2017 letter.
However, Utica failed to present any evidence that upon receipt of the notice of claim it began fulfilling its "duty to promptly and diligently investigate the claim" (GPH Partners, LLC v American Home Assur. Co., 87 AD3d 843, 844; cf. First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d at 69; Schoenig v North Sea Ins. Co., 28 AD3d 462, 462). Thus, Utica cannot reasonably claim that it was prejudiced by the untimely notice of claim based on its receipt over seven weeks later of the request from Kassie for consent to settle. Notably, Utica did not claim that it would have been unable to adequately investigate the SUM claim in time to respond to the request for consent to settle even if it had promptly commenced such an investigation upon receiving the notice of claim.
Under these circumstances, Utica did not validly disclaim coverage on the ground of untimely notice of the SUM claim. Accordingly, the Supreme Court should have denied that branch of the petition which was to permanently stay arbitration.
DUFFY, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court